MEMORANDUM OPINION
{¶ 1} Appellant, Tyree Skipper, filed a notice of appeal on February 8, 2008, from a judgment entry issued by the Portage County Court of Common Pleas on January 25, 2008, overruling a motion to reopen and reconsider his motion to withdraw his guilty plea. The trial court docket reflects that on August 9, 2005, appellant's written plea of guilty to the charge of burglary was accepted and ordered by the court. On May 16, 2006, appellant filed a motion to withdraw his guilty plea. The trial court overruled the motion on October 18, 2006. Subsequently, appellant has since filed at least two *Page 2 
more motions to reconsider the trial court's order denying his motion to withdraw his plea.
 {¶ 2} However, there is no indication on the trial court docket showing that appellant was ever sentenced after entering his plea of guilty to the charge of burglary.
 {¶ 3} Crim. R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * *" (Emphasis added.) Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts `to a disposition of the cause' before there is a basis for appeal."State v. Chamberlain (1964), 177 Ohio St. 104, 106-107.
 {¶ 4} In the instant matter, there has been no imposition of sentence, and thus, no judgment which could be the subject of an appeal. Therefore, there is no final appealable order at this time.
 {¶ 5} For the foregoing reasons, we do not have a final appealable order.
 {¶ 6} Accordingly, this appeal is hereby, sua sponte, dismissed.
 DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur. *Page 1